### Carla RASMUSSEN and Christian Rasmussen

v.

### METROPOLITAN LIFE INSURANCE COMPANY and Georgia–Pacific Corporation.

Civ. A. No. 84–3300.

United States District Court, W.D. Louisiana, Shreveport Division.

Jan. 21, 1988.

Byron A. Richie, Richie & Richie, Shreveport, La., for plaintiffs.

Joseph Trovato, New York City, and Vicki C. Warner and Caldwell Roberts, Mayer, Smith & Roberts, Shreveport, La., for Metropolitan Life.

F. Drake Lee Jr., Cook, Yancey, King & Galloway, Shreveport, La., for Georgia–Pacific.

## ORDER AND REASONS

STAGG, Chief Judge.

This court determined in a Memorandum Ruling dated December 23, 1987 that plaintiffs' state claims were preempted by the Employee Retirement Income Act of 1974 (hereinafter "ERISA"). The only remaining issue is whether plaintiffs are entitled to any relief pursuant to their claims under 29 U.S.C. §§ 1132(a)(1)(B) and (g)(1). Since a cause of action under these provisions requires exhaustion of administrative remedies, *see, Denton v. First National Bank of Waco,* 765 F.2d 1295, 1297, 1300–03 (5th Cir.1985), the court allowed the record to remain open so that the parties could demonstrate either that exhaustion occurred or was unnecessary.

In response to the court's order, defendants submit that plaintiffs have failed to exhaust their administrative remedies which requires dismissal. Plaintiffs, while conceding that exhaustion did not occur, argue that exhaustion at this point would be futile. In support of this argument, plaintiffs contend that the administrative appeal procedures under the ERISA plan are inconsequential since the insurance company reviews a beneficiary's application in the first and last instances.

The court is not prepared to conclude that the appeals procedures under the ERISA plan which covered the Rasmussens are inconsequential or that recourse to these remedies would be futile. If plaintiffs' argument was accepted, then the exhaustion requirement could be side-stepped in nearly every case, thereby defeating congressional intent. "For purposes of ERISA, a cause of action does not accrue until an application [for benefits under the plan] is denied." *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf,*

*Inc.*, 637 F.2d 357, 361 (5th Cir.), *cert. denied*, 456 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981); *accord, Gulf Life Insurance Company v. Arnold*, 809 F.2d 1520, 1525 (11th Cir.1987). When reviewing denial of benefits under an ERISA plan, a district court is to engage in a two-step process:

> First, the court must determine the correct interpretation of a Plan's provisions. Second, the court must determine whether the Plan administrators acted arbitrarily or capriciously in light of the interpretation they gave the Plan in the particular instances.

*Denton v. First National Bank of Waco, Texas*, 765 F.2d at 1304.

In the case at bar, the Plan administrator has not been afforded the opportunity to address plaintiffs' application for benefits. Accordingly, there is no interpretation of the ERISA plan by the administrators upon which the court can conduct its review. Accordingly,

IT IS ORDERED that plaintiffs' action be DISMISSED without prejudice for failure to exhaust administrative remedies.